# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| TRACY BANKS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 09-5047-CV-SW-RED-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Plaintiff Tracy Banks seeks judicial review of the Commissioner's denial of his request for disability insurance benefits under Title II of the Social Security Act, and for supplemental security income benefits under Title XVI, 42 U.S.C. §§ 401 *et seq.* and 1381 *et seq.* Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his or her current Residual Functional Capacity ("RFC") can meet the demands of his or her past work, and if not, (5) whether the claimant retains the capacity to perform

any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

### *Opinion of Treating Physician, Dr. Eva Wilson*

Banks argues the ALJ erred by discounting Dr. Wilson's opinion, considering it was consistent with other medical evidence of record. "ALJs are not obliged to defer to treating physician's medical opinions unless they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record." *Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008). Banks' argument overlooks the well-supported requirement described in *Juszczyk*. Dr. Wilson's opinion was based on Banks' statements, which Dr. Wilson accepted without critical inquiry and without taking Banks' narcotic abuse into account. Dr. Wilson had none of Banks' significant records to enable her to give an informed opinion. The ALJ properly discounted Dr. Wilson's opinion because it was based primarily on Banks' subjective complaints, rather than objective medical evidence. *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (opining an ALJ may discount a treating physician's opinion when it is based more on the claimant's subjective complaints than objective evidence).

Banks also argues the ALJ erred by not providing sufficient reasons for discounting Dr. Wilson's opinion. In evaluating a medical opinion the ALJ must consider the following factors: examining relationship; treatment relationship; supportability; consistency; specialization; and other relevant factors. 20 C.F.R. § 404.1527(d). An ALJ's failure to cite specific evidence does not indicate the ALJ did not consider the evidence. *England v. Astrue*, 490 F.3d 1017, 1022 (8th Cir. 2007). The ALJ's decision shows the ALJ considered the relevant factors. The ALJ stated he considered all opinion evidence in accordance with 20 C.F.R. § 404.1527, noted Dr. Wilson was a licensed pyschologist who performed psychological evaluations on Banks, and analyzed the consistency and supportability of Dr. Wilson's testimony by looking to Dr. Wilson's bases for her conclusions. The Court finds no err.

*Residual Functional Capacity*

Banks argues the ALJ's RFC is not proper in that it finds Banks can lift or carry five pounds frequently. An RFC is the most a claimant can do despite the claimant's limitations. 20 C.F.R. § 404.1545(a)(1). Dr. Charles Ash, an orthopedic surgeon, found that Banks was limited to lifting ten pounds occasionally and no pounds frequently. However, Banks himself testified that he could lift five pounds frequently. Considering Banks' admission, there was substantial evidence from which the ALJ could find that Banks could lift five pounds frequently.

Banks further argues the ALJ erred by not including Banks' standing and sitting limitations. Banks' testimony was the only evidence of the alleged limitations, which included sitting for no more than three hours in an eight hour day and standing for less than half a day. An RFC calculation need only include the claimant's credible limitations. *Tindell v. Barnhart*, 444 F.3d 1002, 1007 (8th Cir. 2006). As discussed below in detail, the ALJ properly found Banks' statements not credible.

4

Because no evidence corroborated Banks' testimony and because Banks' statements were not credible, the ALJ properly discounted Banks' testimony and subjective complaints of pain.

Banks last argues the ALJ erred by not including Dr. Wilson's opinion that Banks was markedly limited in his ability to complete a normal workweek without interruption from psychologically based symptoms in the RFC. As discussed above, it was proper for the ALJ to discount Dr. Wilson's opinion because it was not well-supported and it did not take Banks' drug abuse into account. Even assuming Dr. Wilson's testimony was well-supported, this argument would fail because Banks' RFC included several of the limitations Dr. Wilson discussed, including limitations related to Banks' personal interactions with co-workers, contact with the public, concentration level, precision or attention to detail, stress level, and work setting.

### *Banks' Credibility*

Banks argues the ALJ erred by disregarding Banks' statements regarding his physical and mental limitations. Courts do not substitute their own "opinion for that of the ALJ, who is in a better position to assess credibility." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004). If there is objective medical evidence inconsistent with the claimant's complaints, an ALJ may properly discount the claimant's subjective complaints of pain. *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002). The ALJ properly disregarded Banks' statements alleging mental limitations because substantial evidence demonstrated that if Banks had any marked mental limitations, they were caused by his history of narcotic abuse rather than any alleged impairment. Banks himself admitted he could not hold down a job because of his substance abuse. The ALJ properly discounted Banks' alleged physical limitations because while Banks was allegedly experiencing the pain associated with his physical limitations, he was able to live alone and cook for himself. The ALJ properly

questioned Banks' credibility because there was evidence suggesting that Banks' failure to abstain from illicit drug abuse contributed to his symptoms. The Court finds no err.

Banks next asserts the ALJ failed to properly evaluate the credibility of Banks' testimony. "When making determinations regarding the credibility of a claimant's subjective allegations of pain, *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), requires the [ALJ] to examine such matters as: (1) the claimant's daily activities, (2) the duration, frequency and intensity of the pain, (3) dosage, effectiveness, and side effects of medication, (4) precipitating and aggravating factors, and (5) functional restrictions." *Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991) (citing *Polaski*, 739 F.2d at 1322). The ALJ is not required to explicitly discuss each factor; rather, the ALJ only needs to acknowledge and consider the factors. *Eichelberger*, 390 F.3d at 590. Because the ALJ's decision stated the ALJ considered the *Polaski* factors in finding that Banks' allegations were not fully credible, the Court finds no err.

## CONCLUSION

Finding none of Banks' arguments meritorious, the Court hereby **AFFIRMS** the decision of the ALJ.

**IT IS SO ORDERED.**

DATED: April 26, 2010  /s/ Richard E. Dorr
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT